IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JAMAREE JAMES**, | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) **CIVIL ACTION NO.**<br>) **1:25-cv-01833-JPB-CMS** |
| **RESURGENT CAPITAL SERVICES / LVNV FUNDING LLC,** | )<br>)<br>) |
| **Defendant.** | ) |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT

**COMES NOW** Defendant Resurgent Capital Services L.P. ("Resurgent") incorrectly identified in the Complaint as Resurgent Capital Services / LVNV Funding LLC, by and through its undersigned counsel, and hereby moves this Court to order Plaintiff Jamaree James ("Plaintiff") to plead a more definite statement pursuant to Fed. R. Civ. P. 12(e). In support of this Motion, Resurgent states as follows:

### I.  INTRODUCTION

Plaintiff's Complaint is so sparse that Resurgent cannot reasonably be expected to frame a response. While Resurgent recognizes that Plaintiff's Complaint was originally filed in the State Court of Fulton County, Georgia, and may have satisfied its standard, Resurgent requests that Plaintiff provide sufficient factual allegations to satisfy the standard contained within Fed. R. Civ. P. 8(a)(2) and

clarified by the U.S. Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Resurgent also requests that Plaintiff provide sufficient factual information for Resurgent to determine which account(s) this action is in regards to and that Plaintiff either identify the specific allegations as they pertain to Resurgent or state whether this action is brought against Resurgent, LVNV Funding LLC ("LVNV"), or both.

## II. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

1. Plaintiff filed a Complaint against Resurgent in the State Court of Fulton County, Georgia, on February 4, 2025. *(*Doc. 1-1.)

2. On April 7, 2025, Resurgent removed this case to this Court. (Doc. 1.)

3. Plaintiff's Complaint brings claims against one single defendant "Resurgent Capital Services / LVNV Funding LLC." (*Id.*) Throughout the Complaint, Plaintiff only refers to Resurgent as "Defendant" and brings all allegations as if Resurgent and LVNV are one single collective entity. (*Id.*) However, Resurgent and LVNV are two separate and distinct business entities.

4. Plaintiff's Complaint alleges violations of four separate sections of the FDCPA, 15 U.S.C. §§ 1692g, 1692e, 1692f, and 1692d. (*Id.*) However, the Complaint only makes generalized and conclusory statements that are insufficient to notify Resurgent as to the basis of his claims and whether the claims are asserted against Resurgent, LVNV, or both. For just one example, Plaintiff only generally

alleges that Resurgent: (1) "failed to provide proper validation of the debt" (*Id.* ¶ 18). However, Plaintiff at no point in time provides any information whatsoever to indicate which account(s) his Complaint is referring to, any basis for the allegations in his Complaint, and again, whether these allegations refer to Resurgent, LVNV, or both.

5. Accordingly, Plaintiff should be compelled to file a more definite statement as to his claims against Resurgent.

## III. ARGUMENT

### a. Legal Standard for Fed. R. Civ. P. 12(e) Motions

Rule 8(a)(2) of the Federal Rule of Civil Procedure requires that a plaintiff provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). Naked allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A party may move for a more definite statement pursuant to Rule 12(e) when the pleading at issue "is so vague or ambiguous that a party cannot reasonably prepare a response." *See* Fed. R. Civ. P. 12(e); *see also Harris v. Lanier Collection Agency & Servs.,* No. CV423-103, 2023 WL 7493525, at *2 (S.D. Ga. Sept. 29, 2023) (granting motion for more definite statement where *pro se* Plaintiff's complaint contained "terse and somewhat vague"

or "substantially conclusory" allegations). "[T]here must be something more than a bare bone recital of the elements of a cause of action." *Bennett v. Pub. L. Bd. No. 7694*, No. CV 417-130, 2018 WL 2269912, at *1 (S.D. Ga. May 17, 2018).

b.  **<u>Plaintiff's Complaint is Insufficient.</u>**

Plaintiff's Complaint fails to provide Resurgent with sufficient notice of the allegations and claims against it. As noted above, the entirety of Plaintiff's Complaint asserts claims against an entity designated as "Resurgent Capital Services / LVNV Funding LLC," however, Resurgent and LVNV are two separate and distinct entities. As such, Resurgent is unable to determine what, if any, allegations are asserted against it and whether Plaintiff's Complaint is directed to Resurgent, LVNV, or both.

Next, the "factual allegations" are devoid of any specific facts which would allow Resurgent to determine the validity of any of Plaintiff's claims or which account(s) this action is in reference to. Without additional information explaining whether this action involves one or multiple accounts, Resurgent cannot reasonably investigate Plaintiff's claims and prepare an adequate response. *See Rutledge v. Experian Info. Sols.*, No. 1:23-CV-03445-MHC-RGV, 2023 WL 12056672, at *2 (N.D. Ga. Dec. 11, 2023) (granting motion for more definite statement where *pro se* plaintiff's complaint, amongst other things, did not "identify what accounts allegedly contain inaccurate information"); *Darrington v. Trans Union LLC*, No. 22-00501-

JB-B, 2023 WL 3922651, at *1 (S.D. Ala. Apr. 4, 2023), (recommending that a motion for more definite statement be granted where *pro se* plaintiff's complaint, amongst other things, lacked information as to what accounts were at issue), *report and recommendation adopted*, No. 22-00501-JB-B, 2023 WL 3197025 (S.D. Ala. May 2, 2023).

Plaintiff's claims under the headings "additional violations" utterly fail to provide any factual information whatsoever as to how Resurgent allegedly violated these statutes but instead relies upon conclusory and unsupported legal statements. For example, Plaintiff contends that Resurgent: (1) "falsely represented its authority to collect debts" (Doc. 1-1 ¶ 16.) However, Plaintiff's Complaint at no point in time provides factual information regarding this claim. Plaintiff contends that Resurgent "communicated with third parties regarding Plaintiff's debt without Plaintiff's prior consent." (*Id.* ¶ 17.) However, again, the Complaint does not explain who this alleged third party is, when the alleged communication occurred, or how the communication violates the FDCPA. Finally, each and every claim under the heading "causes of action" simply provides one-sentence conclusory statements of law under each alleged violation with no factual support whatsoever. (*Id.* ¶¶ 18-23.)

Resurgent cannot frame a responsive pleading to Plaintiff's vague Complaint without making assumptions about the information or account(s) at issue, which Resurgent is not required to do. As a defendant, Resurgent is expected to respond to

the pleadings in short and plain terms, asserting defenses, and admitting or denying the averments upon which the adverse party relied. *See* Fed. R. Civ. P. 8(b). In its current form, the Complaint does not provide allegations sufficiently definite to determine what Plaintiff's claims are premised on, what account(s) Plaintiff's claims are in reference to, and whether the allegations are directed at Resurgent, LVNV, or both. Moreover, for these reasons, the Complaint does not provide Resurgent with the ability to properly state its defenses and comply with its obligations under Rule 9(b).

Accordingly, Resurgent requests that Plaintiff be compelled to amend his Complaint and provide a more definite statement as to the basis of his claims against Resurgent, provide additional information in regards to what account(s) the Complaint relates to, and explain whether this action is directed at Resurgent, LVNV, or both.

## IV. <u>CONCLUSION</u>

Based on the foregoing, Resurgent respectfully requests that this Court: (1) grant its Motion for More Definite Statement; (2) direct Plaintiff to provide a more definitive statement regarding his claims against Resurgent within fourteen days after Notice of the Order; (3) direct Plaintiff to specify if he is asserting claims against Resurgent, LVNV, or both; (4) strike Plaintiff's pleading if he does not

comply with the Order; and (5) for such other and further relief as the Court deems just and proper.

Respectfully submitted this the 8th day of April, 2025.

>  */s/ R. Frank Springfield*
> R. Frank Springfield
> Georgia Bar No. 316045
> fspringfield@burr.com
> BURR & FORMAN LLP
> 420 North 20th Street, Suite 3400
> Birmingham, AL  35203
> Telephone:  (205) 251-3000
> Facsimile:  (205) 458-5100
>
> Attorney for Defendant
> RESURGENT CAPITAL SERVICES L.P.

## **CERTIFICATION OF COUNSEL**

I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, in accordance with Local Rule 5.1.

                                                  */s/ R. Frank Springfield*
R. Frank Springfield
Georgia Bar No. 316045
fspringfield@burr.com

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5345

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such to the following:

NONE

I hereby certify that I mailed by United States Postal Service the document to the following non-CMF/ECF participants:

Jamaree James
670 St. Mark Way
Fairburn, GA 30213
Jamaree.rjames@gmail.com
*Pro se Plaintiff*

/s/ R. Frank Springfield
R. Frank Springfield
Georgia Bar No. 316045
fspringfield@burr.com