**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION**

| | |
|---|---|
| JAMAREE JAMES, | CASE NO.: 1:25-CV-1833-JPB |
| Plaintiff, | |
| vs. | FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |
| RESURGENT CAPITAL SERVICES / LVNV FUNDING LLC | |
| Defendant. | |

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE**

**RELIEF**

COMES NOW Plaintiff **Jamaree James**, appearing *pro se*, and files

this First Amended Complaint against **Resurgent Capital Services / LVNV**

**Funding LLC ("Defendant")**, and respectfully alleges as follows:

**INTRODUCTION**

1. This is a federal civil action for damages, costs, and injunctive relief

   arising from Defendant's repeated and willful violations of the **Fair**

   **Debt Collection Practices Act (FDCPA)**, 15 U.S.C. § 1692 et seq.;

   the **Fair Credit Reporting Act (FCRA)**, 15 U.S.C. § 1681 et seq.;

   the **Georgia Fair Business Practices Act (GFBPA)**, O.C.G.A. § 10-

1-390 et seq.; and additional violations of Georgia law concerning securitized debt and unlawful business practices.

2. Defendant, a third-party debt buyer and collector, engaged in a pattern of deceptive, harassing, and unlawful conduct aimed at coercing Plaintiff into paying a debt that was (a) not validated, (b) misrepresented, (c) allegedly securitized, and (d) reported to credit bureaus in violation of federal and state law.

3. Plaintiff seeks statutory damages, actual damages for emotional distress, punitive damages, attorney-equivalent fees, and a permanent injunction prohibiting further unlawful debt collection activity by Defendant within the state of Georgia.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, specifically the FDCPA and FCRA.

5. Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a), as those claims arise from the same nucleus of operative facts.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 2

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as the acts and omissions giving rise to Plaintiff's claims occurred within the Northern District of Georgia.

## PARTIES

7. Plaintiff **Jamaree James** is a natural person and "consumer" as defined by 15 U.S.C. § 1692a(3), residing in Fairburn, Fulton County, Georgia.

8. Defendant **Resurgent Capital Services / LVNV Funding LLC** is a foreign debt collector conducting business in Georgia and is not registered with the Georgia Secretary of State, in violation of O.C.G.A. § 14-2-1502.

9. Defendant is a "debt collector" as defined under 15 U.S.C. § 1692a(6) and regularly collects or attempts to collect debts owed to others.

## FACTUAL ALLEGATIONS

10. On or about October 4, 2024, Plaintiff mailed a debt validation request to Defendant pursuant to 15 U.S.C. § 1692g(b). Plaintiff requested written verification of the alleged debt and its origin.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3

11. Defendant failed to respond with any validation or documentation yet continued attempting to collect the alleged debt by phone, mail, and credit reporting.

12. On or about December 16, 2024, Plaintiff filed a complaint with the Consumer Financial Protection Bureau (CFPB) (Complaint ID: 241216-17471624), alerting federal regulators to Defendant's non-compliance.

13. Despite having no verified ownership interest, Defendant made explicit threats of repossession and legal action, including placing Plaintiff on a "pre-legal track." This conduct violates 15 U.S.C. § 1692e(5), which prohibits threats of action that cannot or will not be taken. See *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719 (D. Md. 2011).

14. On or about March 7, 2025, Plaintiff received four separate collection letters from the law firm **Hayt, Hayt & Landau, P.L.**, acting on behalf of **LVNV Funding LLC**, attempting to collect debts in the following amounts: $6,910.50, $11,529.30, $2,897.11, and $8,410.07. These letters were sent despite Plaintiff's prior dispute and validation request, and included language suggesting imminent legal action, creating the false impression that lawsuits were pending or authorized.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 4

The letters constitute continued unlawful collection activity and materially violate 15 U.S.C. §§ 1692g(b), 1692e(2), 1692e(5), and 1692j. Defendant LVNV Funding LLC is vicariously liable for the actions of its legal agents. See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

15. Defendant also reported the unverified debt to one or more credit bureaus, including Experian and TransUnion, in violation of 15 U.S.C. § 1681s-2(a)(1)(A) and 1681s-2(b), which require accurate reporting and prompt correction of false data. See *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004).

16. Defendant communicated with third parties regarding Plaintiff's alleged debt without Plaintiff's prior consent, violating 15 U.S.C. § 1692c(b), and causing reputational harm.

17. Defendant is not registered with the Georgia Secretary of State, as required by O.C.G.A. § 14-2-1502, and thus lacked legal authority to conduct business or file any potential action in Georgia courts.

18. Plaintiff alleges that the alleged debt was **securitized**, which under O.C.G.A. § 11-9-109(d)(11), removes it from the scope of enforceable consumer obligations. See *In re Veal*, 450 B.R. 897 (B.A.P. 9th Cir. 2011) (discussing securitization and standing).

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 5

19. Defendant's actions caused Plaintiff significant emotional distress, sleep disruption, anxiety, embarrassment, and fear of property loss, all of which are compensable harms. See *Turner v. Wong*, 363 S.E.2d 818 (Ga. Ct. App. 1987).

## CLAIMS FOR RELIEF

### COUNT I: Violation of FDCPA – Failure to Validate Debt (15 U.S.C. § 1692g)

20. Defendant failed to respond to Plaintiff's validation request and continued collection efforts in violation of 15 U.S.C. § 1692g(b).

### COUNT II: Violation of FDCPA – False Representation (15 U.S.C. § 1692e)

21. Defendant falsely represented its authority and the legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2), (5), and (10).

### COUNT III: Violation of FDCPA – Harassment and Abuse (15 U.S.C. § 1692d)

22. Defendant engaged in harassing and coercive conduct intended to intimidate Plaintiff, in violation of 15 U.S.C. § 1692d.

## COUNT IV: Violation of FDCPA – Unauthorized Third-Party Communications (15 U.S.C. § 1692c(b))

23. Defendant communicated about the alleged debt with third parties without Plaintiff's permission, violating 15 U.S.C. § 1692c(b).

## COUNT V: Violation of FCRA – False Credit Reporting (15 U.S.C. § 1681s-2(a), (b))

23. Defendant knowingly furnished inaccurate information to credit reporting agencies and failed to correct such information after notice, in violation of 15 U.S.C. § 1681s-2. See *Cushman v. Trans Union Corp.*, 115 F.3d 220 (3d Cir. 1997).

## COUNT VI: Violation of GFBPA (O.C.G.A. § 10-1-390)

24. Defendant's deceptive collection practices constitute unfair and deceptive acts in commerce in violation of Georgia law.

## COUNT VII: Violation of O.C.G.A. § 11-9-109(d)(11) – Attempting to Collect a Securitized Debt

25. The alleged debt, having been securitized, is no longer an enforceable personal obligation. Defendant violated Georgia law by attempting to collect on it.

### COUNT VIII: Violation of O.C.G.A. § 14-2-1502 – Unauthorized Business Activity

26. Defendant collected debts in Georgia while not registered with the Secretary of State, violating Georgia corporate law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

a. $1,000 in statutory damages under 15 U.S.C. § 1692k(a)(2)(A);

b. $2,500 in statutory and actual damages under 15 U.S.C. § 1681n and 1681o;

c. $15,000 in actual damages for emotional distress and credit harm;

d. $20,000 in punitive damages for willful violations of state and federal law;

e. Injunctive relief enjoining Defendant from collecting debts in Georgia without proper authorization;

f. Litigation costs, filing fees, and attorney-equivalent compensation as permitted under 15 U.S.C. § 1692k and O.C.G.A. § 10-1-399;

g. Any other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 8

Plaintiff demands a trial by jury on all issues so triable.


Respectfully submitted,

**/s/ Jamaree James**
Jamaree James, Pro Se
75 Washington St, #274
Fairburn, GA 30213
678-775-9078

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| JAMAREE JAMES, | CASE NO.: 1:25-CV-1833-JPB |
| Plaintiff, | CERTIFICATE OF SERVICE |
| vs. | |
| RESURGENT CAPITAL SERVICES / LVNV FUNDING LLC | |
| Defendant. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of April, 2025, I served a true and correct copy of the following documents:

- **First Amended Complaint for Damages and Injunctive Relief**
- **Notice of Withdrawal of Motion to Remand**

by depositing copies in the United States Mail, postage prepaid, and properly addressed to:

**R. Frank Springfield**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Email: fspringfield@burr.com

Respectfully submitted,

**/s/ Jamaree James**
Jamaree James, Pro Se
75 Washington St, #274
Fairburn, GA 30213
678-775-9078

CERTIFICATE OF SERVICE - 1

- **Exhibit C: Freedom of Information Act (FOIA) Response** from EEOC obtained by Defendant, which does not accurately reflect the full inquiry submission.

- **Exhibit D: Civil Rights Center (CRC) Referral Letter,** showing that the inquiry was appropriately referred back to the EEOC.

- **Exhibit E:** Additional **document establishing that Intake Specialist Samantha McKinney improperly dismissed the inquiry,** despite not having the authority to do so. TOO MANY PAGES BUT PREVIOUSLY SUBMITTED; INITIAL SUBMISSION TO COURTS. IN SEPARATE BINDERS

- **Exhibit F: Email correspondence with Samantha McKinney,** to include CRC letter demonstrating Plaintiff's compliance with the EEOC's requests and providing evidence relevant to administrative exhaustion.

## III. NECESSITY OF THIS SUPPLEMENTAL FILING

Plaintiff respectfully submits that the **inclusion of this additional evidence is essential** for ensuring a complete and accurate record. Defendant's argument that Plaintiff has provided "too much evidence" should not serve as a basis for dismissal. Rather, it underscores the importance of ensuring that the Court **has all relevant facts before ruling on Defendant's Motion to Dismiss**.

## IV. CONCLUSION

Plaintiff has now submitted all **available and necessary evidence** to demonstrate that her case **should not be dismissed**. Accordingly, Plaintiff respectfully requests that this Court **grant leave to file the attached Supplemental Brief** and consider the exhibits provided.

Respectfully submitted this 5 day of April 2025.

**Angie Nicholson**
Plaintiff, Pro Se
1610 Chapel Street, 3rd Fl
New Haven, CT 06511
(312) 402-7345, (618-) 578-0027

Hotnix74@gmail.com

Copy

Jackson Lewis P.C.
171 17th Street, Suite 1200
Atlanta, GA 30363
Telephone: (404) 525-8200
Facsimile: (404) 525-1173