## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JAMAREE JAMES,

       **Plaintiff,**

v.

RESURGENT CAPITAL
SERVICES and LVNV FUNDING
LLC,

       **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CIVIL ACTION NO.**
**1:25-cv-01833-JPB-CMS**

### DEFENDANT RESURGENT CAPITAL SERVICES L.P.'S ANSWER TO SECOND AMENDED COMPLAINT

**COMES NOW** Defendant Resurgent Capital Services L.P. ("Resurgent"), incorrectly designated in the Second Amended Complaint as "Resurgent Capital Services," by and through undersigned counsel, specifically reserving the right to compel arbitration of Plaintiff Jamaree James' ("Plaintiff") claims, and for its Answer to Plaintiff's Second Amended Complaint ('Complaint'), states as follows:

### INTRODUCTION

1.    Resurgent admits that Plaintiff's Complaint purports to bring claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), but denies any allegation of liability under the FCRA or FDCPA against Resurgent and

61469177 v1

denies that Plaintiff is entitled to any damages from Resurgent and demands strict proof thereof.

2.      Resurgent admits only that the Complaint and the Court's May 31, 2025 Order speak for themselves. Resurgent denies any inconsistent characterizations or misrepresentations of the same. Otherwise, Resurgent is without sufficient information to admit or deny the allegations in Paragraph 2 and, therefore, denies the same and demands strict proof thereof.

3.      Resurgent admits that, upon current information and belief, Plaintiff owes five accounts to LVNV Funding LLC, which all were originally owed to Navy Federal Credit Union (the "Accounts"). Otherwise, denied.

4.      Resurgent denies the allegations in Paragraph 4 and demands strict proof thereof.

5.      Resurgent admits only that the letters sent to Plaintiff from Hayt, Hayt & Landau, P.L., attached as Exhibit "C" to Plaintiff's Complaint, speak for themselves. Resurgent denies any inconsistent characterizations or misrepresentations of the same. Otherwise, denied.

6.      Resurgent admits only that the CFPB complaint, attached as Exhibit "B" to Plaintiff's Complaint, speaks for itself. Resurgent denies any inconsistent characterizations or misrepresentations of the same. Otherwise, denied.

## I.    JURISDICTION AND VENUE

7.     Paragraph 7 states a legal conclusion to which no response from Resurgent is necessary. To the extent a response is required, Resurgent admits only that the statutes referenced in Paragraph 7 speak for themselves. Resurgent denies that Plaintiff has stated any valid claim against it that would confer jurisdiction over Resurgent. Otherwise, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 7 and, therefore, denies the same and demands strict proof thereof.

8.     Paragraph 8 states a legal conclusion to which no response from Resurgent is necessary. To the extent a response is required, Resurgent states that 28 U.S.C. § 1391(b) speaks for itself. Otherwise, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 8 and, therefore, denies the same and demands strict proof thereof.

## II.    PARTIES

9.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 9 and, therefore, denies the same and demands strict proof thereof.

10.     The allegations in Paragraph 10 are not directed at Resurgent and, thus, no response from Resurgent is necessary. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the

allegations in Paragraph 10 and, therefore, denies the same and demands strict proof thereof.

11.    Resurgent admits only that at times it acts as a master servicer of accounts owned by LVNV Funding LLC. Otherwise, denied.

### III.    FACTUAL ALLEGATIONS

12.    The allegations in Paragraph 12 purportedly reference Plaintiff's credit report, which speaks for itself. Resurgent denies any inconsistent characterizations or misrepresentations of the same. Otherwise, denied.

13.    Resurgent denies the allegations in Paragraph 13 and demands strict proof thereof.

14.    The allegations in Paragraph 14 purportedly reference Plaintiff's credit report, which speaks for itself. Resurgent denies any inconsistent characterizations or misrepresentations of the same. Otherwise, Resurgent denies the remaining allegations in Paragraph 14 and demands strict proof thereof.

15.    The allegations in Paragraph 15 are not directed at Resurgent and, thus, no response from Resurgent is necessary. To the extent a response is required, Resurgent denies any allegations of improprieties or violations of law and demands strict proof thereof. Otherwise, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 15 and, therefore, denies the same and demands strict proof thereof.

16.    Resurgent admits only that the CFPB complaint referenced in Paragraph 16 speaks for itself and denies any inconsistent characterizations or misrepresentations of the same. Otherwise, denied.

17.    Resurgent admits only that the letters referenced in Paragraph 17 speak for themselves and denies any inconsistent characterizations or misrepresentations of the same. Otherwise, denied.

17.    Resurgent denies the allegations in Paragraph 17 and demands strict proof thereof.[1]

18.    Resurgent denies the allegations in Paragraph 18 and demands strict proof thereof.

19.    Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 19 and, therefore, denies the same and demands strict proof thereof.

20.    The allegations in Paragraph 20 purportedly reference Plaintiff's credit report, which speaks for itself. Resurgent denies any inconsistent characterizations or misrepresentations of the same. Otherwise, Resurgent denies the remaining allegations in Paragraph 20 and demands strict proof thereof.

---

[1] Plaintiff's Complaint mistakenly includes two paragraphs numbered 17. Resurgent responds to the paragraphs in Plaintiff's Complaint as outlined therein.

21.     Resurgent admits only that the exhibits attached as Exhibit "E" and Exhibit "F" speak for themselves and denies any inconsistent characterizations or misrepresentations of the same. Otherwise, Resurgent denies the allegations in Paragraph 21 and demands strict proof thereof.

22.     Resurgent denies the allegations in Paragraph 22 and demands strict proof thereof.

23.     Resurgent denies the allegations in Paragraph 23, including all subparagraphs thereunder, and demands strict proof thereof.

## IV.    CAUSES OF ACTION

### COUNT I – Violation of FCRA - § 1681i(a)(5)(B)(ii) (Reinsertion Without Notice)

21.     Resurgent adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.[2]

22.     The allegations in Paragraph 22 purportedly reference Plaintiff's credit report, which speaks for itself. Resurgent denies any inconsistent characterizations or misrepresentations of the same. Otherwise, denied.

23.     The allegations in Paragraph 23 are not directed at Resurgent and, thus, no response from Resurgent is necessary. To the extent a response is required,

---

[2] Plaintiff's Complaint incorrectly renumbers Paragraph 22 as well as the subsequent numbering thereafter. Resurgent responds to the paragraphs in Plaintiff's Complaint as outlined therein.

Resurgent denies any allegations of improprieties or violations of law and demands strict proof thereof. Otherwise, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 23 and, therefore, denies the same and demands strict proof thereof.

24.    Resurgent denies the allegations in Paragraph 24 and demands strict proof thereof.

## COUNT II – Violation of FCRA - § 1681s-2(b) (Failure to Conduct Reasonable Investigation)

25.    Resurgent denies the allegations in Paragraph 25 and demands strict proof thereof.

26.    Resurgent denies the allegations in Paragraph 26 and demands strict proof thereof.

27.    Resurgent denies the allegations in Paragraph 27 and demands strict proof thereof.

## COUNT III – Violation of FDCPA – 15 U.S.C. § 1692e (False, Deceptive, or Misleading Representations)

28.    Resurgent denies the allegations in Paragraph 28 and demands strict proof thereof.

29.    Resurgent denies the allegations in Paragraph 29 and demands strict proof thereof.

30.     Resurgent admits only that the cases referenced in Paragraph 30 speak for themselves and denies any inconsistent characterization or misrepresentation of the same. Otherwise, denied.

## COUNT IV – Unauthorized Collection in Violation of Georgia Law (O.C.G.A. § 11-9-109(d)(11) & Unlicensed Activity)

27.     Resurgent denies the allegations in Paragraph 27 and demands strict proof thereof.[3]

28.     Resurgent denies the allegations in Paragraph 28 and demands strict proof thereof.

29.     Resurgent denies the allegations in Paragraph 29 and demands strict proof thereof.

## V.   ATTACHED EXHIBITS

In response to the unnumbered paragraphs appearing below the heading "ATTACHED EXHIBITS," Resurgent admits only that the exhibits referenced in these paragraphs speak for themselves. Resurgent denies any inconsistent characterizations or misrepresentations of the same. Otherwise, denied.

---

[3] Plaintiff's Complaint incorrectly renumbers Paragraph 27 as well as the subsequent numbering thereafter. Resurgent responds to the paragraphs in Plaintiff's Complaint as outlined therein.

## VI.    PRAYER FOR RELIEF

In response to the unnumbered paragraph appearing below the heading "PRAYER FOR RELIEF," and subparagraphs (A) – (H) therein, Resurgent admits that Plaintiff requests judgment against the defendants and requests statutory damages, actual damages, punitive damages, attorney's fees and costs, injunctive relief, declaratory judgment, and further relief on all claims. Resurgent denies that Plaintiff is entitled to judgment against Resurgent or that Plaintiff is entitled to the damages sought, or any damages in any amount against Resurgent, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

To the extent Plaintiff has entered into an arbitration agreement covering Plaintiff's claims against Resurgent, Plaintiff's claims must be compelled to arbitration.

## SECOND DEFENSE

Plaintiff's claims fail to state a plausible claim for relief against Resurgent.

## THIRD DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## FOURTH DEFENSE

To the extent Plaintiff's claims relate to conduct occurring beyond the applicable statute of limitations, they are time barred.

## FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Resurgent denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Resurgent.

## SIXTH DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which Resurgent had no responsibility or control and for which Resurgent may not be held liable.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including collateral estoppel and judicial estoppel), laches, release, consent, ratification, acquiescence, novation, unclean hands, and/or other equitable doctrines due to Plaintiff's own acquiescence, improper, or bad faith conduct.

## EIGHTH DEFENSE

Plaintiff's claims against Resurgent are barred by the doctrines of judicial estoppel, collateral estoppel and *res judicata*.

61469177 v1

## NINTH DEFENSE

Resurgent denies that it is guilty of any wrongdoing, either negligent, wanton, willful, or otherwise.

## TENTH DEFENSE

Resurgent pleads the defense of lack of causal relation between its conduct and the damages alleged.

## ELEVENTH DEFENSE

Any violation of the law, which Resurgent denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## TWELFTH DEFENSE

Resurgent affirmatively invokes and asserts all defenses created by and under the Fair Credit Reporting Act and Fair Debt Collection Practices Act.

## THIRTEENTH DEFENSE

To the extent sought, Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under federal law for ascertaining the amount thereof, such that any award of said damages against Resurgent would violate the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

## FOURTEENTH DEFENSE

Resurgent denies that it is guilty of any conduct that would entitle Plaintiff to recover punitive damages.

## FIFTEENTH DEFENSE

To the extent sought, Plaintiff's claims for punitive damages against Resurgent cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the State Legislature limiting awards of punitive damages or the amount of such damages.

## SIXTEENTH DEFENSE

To the extent sought, Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would violate the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

## SEVENTEENTH DEFENSE

Plaintiff lacks standing.

## RESERVATION OF DEFENSES

Resurgent reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in Plaintiff's Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this the 2nd day of July, 2025.

/s/ R. Frank Springfield
R. Frank Springfield
Georgia Bar No. 316045
fspringfield@burr.com
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100

Attorney for Defendant
RESURGENT CAPITAL SERVICES L.P.

## <u>CERTIFICATION OF COUNSEL</u>

I hereby certify that the foregoing document has been prepared with Times

New Roman, 14 point font, in accordance with Local Rule 5.1.


*/s/ R. Frank Springfield*
R. Frank Springfield
Georgia Bar No. 316045
fspringfield@burr.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of July, 2025, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system which will

automatically send an e-mail notification of such to the following:

NONE

I hereby certify that I mailed by United States Postal Service the document

to the following non-CMF/ECF participants:

Jamaree James
75 Washington St., #274
Fairburn, GA 30213
Jamaree.rjames@gmail.com
*Pro se Plaintiff*

/s/ R. Frank Springfield
R. Frank Springfield
Georgia Bar No. 316045
fspringfield@burr.com