IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JAMAREE JAMES**,<br><br>**Plaintiff,**<br><br>v.<br><br>**RESURGENT CAPITAL SERVICES and LVNV FUNDING LLC,**<br><br>**Defendants.** | CIVIL ACTION NO.<br>1:25-cv-01833-JPB-CMS |

### DEFENDANT LVNV FUNDING LLC'S ANSWER TO SECOND AMENDED COMPLAINT

**COMES NOW** Defendant LVNV Funding LLC ("LVNV"), by and through undersigned counsel, specifically reserving the right to compel arbitration of Plaintiff Jamaree James' ("Plaintiff") claims, and for its Answer to Plaintiff's Second Amended Complaint ('Complaint"), states as follows:

### INTRODUCTION

1. LVNV admits that Plaintiff's Complaint purports to bring claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), but denies any allegation of liability under the FCRA or FDCPA against LVNV and denies that Plaintiff is entitled to any damages from LVNV and demands strict proof thereof.

2. LVNV admits only that the Complaint and the Court's May 31, 2025 Order speak for themselves. LVNV denies any inconsistent characterizations or misrepresentations of the same. Otherwise, LVNV is without sufficient information to admit or deny the allegations in Paragraph 2 and, therefore, denies the same and demands strict proof thereof.

3. LVNV admits that, upon current information and belief, Plaintiff owes five accounts to LVNV Funding LLC, which all were originally owed to Navy Federal Credit Union (the "Accounts"). Otherwise, denied.

4. LVNV denies the allegations in Paragraph 4 and demands strict proof thereof.

5. LVNV admits only that the letters sent to Plaintiff from Hayt, Hayt & Landau, P.L., attached as Exhibit "C" to Plaintiff's Complaint, speak for themselves. LVNV denies any inconsistent characterizations or misrepresentations of the same. Otherwise, denied.

6. LVNV admits only that the CFPB complaint, attached as Exhibit "B" to Plaintiff's Complaint, speaks for itself. LVNV denies any inconsistent characterizations or misrepresentations of the same. Otherwise, denied.

## I. JURISDICTION AND VENUE

7. Paragraph 7 states a legal conclusion to which no response from LVNV is necessary. To the extent a response is required, LVNV admits only that the statutes

referenced in Paragraph 7 speak for themselves. LVNV denies that Plaintiff has stated any valid claim against it that would confer jurisdiction over LVNV. Otherwise, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 7 and, therefore, denies the same and demands strict proof thereof.

8. Paragraph 8 states a legal conclusion to which no response from LVNV is necessary. To the extent a response is required, LVNV states that 28 U.S.C. § 1391(b) speaks for itself. Otherwise, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 8 and, therefore, denies the same and demands strict proof thereof.

## II.   PARTIES

9. LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 9 and, therefore, denies the same and demands strict proof thereof.

10. LVNV admits that it is a limited liability company and that part of its business includes the acquisition of past due accounts. LVNV further admits that the Georgia Secretary of State's records speak for themselves. Otherwise, denied.

11. LVNV admits only that Resurgent Capital Services L.P. ("Resurgent") at times acts as a master servicer of accounts owned by LVNV. Otherwise, LVNV is without sufficient knowledge and information to admit or deny the remaining

allegations in Paragraph 11 and, therefore, denies the same and demands strict proof thereof.

### III.   FACTUAL ALLEGATIONS

12. The allegations in Paragraph 12 purportedly reference Plaintiff's credit report, which speaks for itself. LVNV denies any inconsistent characterizations or misrepresentations of the same. Otherwise, denied.

13. LVNV denies the allegations in Paragraph 13 and demands strict proof thereof.

14. The allegations in Paragraph 14 purportedly reference Plaintiff's credit report, which speaks for itself. LVNV denies any inconsistent characterizations or misrepresentations of the same. Otherwise, LVNV denies the remaining allegations in Paragraph 14 and demands strict proof thereof.

15. LVNV denies the allegations in Paragraph 15 and demands strict proof thereof.

16. LVNV admits only that the CFPB complaint referenced in Paragraph 16 speaks for itself and denies any inconsistent characterizations or misrepresentations of the same. Otherwise, denied.

17. LVNV admits only that the letters referenced in Paragraph 17 speak for themselves and denies any inconsistent characterizations or misrepresentations of the same. Otherwise, denied.

17. LVNV denies the allegations in Paragraph 17 and demands strict proof thereof.[1]

18. LVNV denies the allegations in Paragraph 18 and demands strict proof thereof.

19. LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 19 and, therefore, denies the same and demands strict proof thereof.

20. The allegations in Paragraph 20 purportedly reference Plaintiff's credit report, which speaks for itself. LVNV denies any inconsistent characterizations or misrepresentations of the same. Otherwise, LVNV denies the remaining allegations in Paragraph 20 and demands strict proof thereof.

21. LVNV admits only that the exhibits attached as Exhibit "E" and Exhibit "F" speak for themselves and denies any inconsistent characterizations or misrepresentations of the same. Otherwise, LVNV denies the allegations in Paragraph 21 and demands strict proof thereof.

22. LVNV denies the allegations in Paragraph 22 and demands strict proof thereof.

---

[1] Plaintiff's Complaint mistakenly includes two paragraphs numbered 17. LVNV responds to the paragraphs in Plaintiff's Complaint as outlined therein.

23. LVNV denies the allegations in Paragraph 23, including all subparagraphs thereunder, and demands strict proof thereof.

## IV.   CAUSES OF ACTION

### COUNT I – Violation of FCRA - § 1681i(a)(5)(B)(ii) (Reinsertion Without Notice)

21. LVNV adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.[2]

22. The allegations in Paragraph 22 purportedly reference Plaintiff's credit report, which speaks for itself. LVNV denies any inconsistent characterizations or misrepresentations of the same. Otherwise, denied.

23. LVNV denies the allegations in Paragraph 23 and demands strict proof thereof.

24. LVNV denies the allegations in Paragraph 24 and demands strict proof thereof.

### COUNT II – Violation of FCRA - § 1681s-2(b) (Failure to Conduct Reasonable Investigation)

25. LVNV denies the allegations in Paragraph 25 and demands strict proof thereof.

---

[2] Plaintiff's Complaint incorrectly renumbers Paragraph 22 as well as the subsequent numbering thereafter. LVNV responds to the paragraphs in Plaintiff's Complaint as outlined therein.

26. LVNV denies the allegations in Paragraph 26 and demands strict proof thereof.

27. LVNV denies the allegations in Paragraph 27 and demands strict proof thereof.

## COUNT III – Violation of FDCPA – 15 U.S.C. § 1692e (False, Deceptive, or Misleading Representations)

28. LVNV denies the allegations in Paragraph 28 and demands strict proof thereof.

29. LVNV denies the allegations in Paragraph 29 and demands strict proof thereof.

30. LVNV admits only that the cases referenced in Paragraph 30 speak for themselves and denies any inconsistent characterization or misrepresentation of the same. Otherwise, denied.

## COUNT IV – Unauthorized Collection in Violation of Georgia Law (O.C.G.A. § 11-9-109(d)(11) & Unlicensed Activity)

27. LVNV denies the allegations in Paragraph 27 and demands strict proof thereof.[3]

28. LVNV denies the allegations in Paragraph 28 and demands strict proof thereof.

---

[3] Plaintiff's Complaint incorrectly renumbers Paragraph 27 as well as the subsequent numbering thereafter. LVNV responds to the paragraphs in Plaintiff's Complaint as outlined therein.

29.     LVNV denies the allegations in Paragraph 29 and demands strict proof thereof.

## V.     ATTACHED EXHIBITS

In response to the unnumbered paragraphs appearing below the heading "ATTACHED EXHIBITS," LVNV admits only that the exhibits referenced in these paragraphs speak for themselves. LVNV denies any inconsistent characterizations or misrepresentations of the same. Otherwise, denied.

## VI.     PRAYER FOR RELIEF

In response to the unnumbered paragraph appearing below the heading "PRAYER FOR RELIEF," and subparagraphs (A) – (H) therein, LVNV admits that Plaintiff requests judgment against the defendants and requests statutory damages, actual damages, punitive damages, attorney's fees and costs, injunctive relief, declaratory judgment, and further relief on all claims. LVNV denies that Plaintiff is entitled to judgment against LVNV or that Plaintiff is entitled to the damages sought, or any damages in any amount against LVNV, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent Plaintiff has entered into an arbitration agreement covering Plaintiff's claims against LVNV, Plaintiff's claims must be compelled to arbitration.

### SECOND DEFENSE

Plaintiff's claims fail to state a plausible claim for relief against LVNV.

### THIRD DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### FOURTH DEFENSE

To the extent Plaintiff's claims relate to conduct occurring beyond the applicable statute of limitations, they are time barred.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of LVNV.

### SIXTH DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which LVNV had no responsibility or control and for which LVNV may not be held liable.

## SEVENTH DEFENSE

Plaintiff's claims against LVNV are barred, in whole or in part, by the doctrines of recoupment and/or set-off for any amounts owed by Plaintiff on the Accounts.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including collateral estoppel and judicial estoppel), laches, release, consent, ratification, acquiescence, novation, unclean hands, and/or other equitable doctrines due to Plaintiff's own acquiescence, improper, or bad faith conduct.

## NINTH DEFENSE

Plaintiff's claims against LVNV are barred by the doctrines of judicial estoppel, collateral estoppel and *res judicata*.

## TENTH DEFENSE

LVNV denies that it is guilty of any wrongdoing, either negligent, wanton, willful, or otherwise.

## ELEVENTH DEFENSE

LVNV pleads the defense of lack of causal relation between its conduct and the damages alleged.

## TWELFTH DEFENSE

Any violation of the law, which LVNV denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## THIRTEENTH DEFENSE

LVNV affirmatively invokes and asserts all defenses created by and under the Fair Credit Reporting Act and Fair Debt Collection Practices Act.

## FOURTEENTH DEFENSE

To the extent sought, Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under federal law for ascertaining the amount thereof, such that any award of said damages against LVNV would violate the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

## FIFTEENTH DEFENSE

LVNV denies that it is guilty of any conduct that would entitle Plaintiff to recover punitive damages.

## SIXTEENTH DEFENSE

To the extent sought, Plaintiff's claims for punitive damages against LVNV cannot be upheld to the extent they are in violation of any law passed by the United

States Congress or the State Legislature limiting awards of punitive damages or the amount of such damages.

## SEVENTEENTH DEFENSE

To the extent sought, Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would violate the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

## EIGHTEENTH DEFENSE

Plaintiff lacks standing.

## RESERVATION OF DEFENSES

LVNV reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in Plaintiff's Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this the 2nd day of July, 2025.

                                           */s/ R. Frank Springfield*
                                           R. Frank Springfield
                                           Georgia Bar No. 316045
                                           fspringfield@burr.com
                                           BURR & FORMAN LLP
                                           420 North 20th Street, Suite 3400
                                           Birmingham, AL  35203
                                           Telephone:  (205) 251-3000
                                           Facsimile:  (205) 458-5100

                                           Attorney for Defendant
                                           LVNV FUNDING LLC

## **CERTIFICATION OF COUNSEL**

I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, in accordance with Local Rule 5.1.

*/s/ R. Frank Springfield*
R. Frank Springfield
Georgia Bar No. 316045
fspringfield@burr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of July, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such to the following:

NONE

I hereby certify that I mailed by United States Postal Service the document to the following non-CMF/ECF participants:

Jamaree James
75 Washington St., #274
Fairburn, GA 30213
Jamaree.rjames@gmail.com
*Pro se Plaintiff*

*/s/ R. Frank Springfield*
R. Frank Springfield
Georgia Bar No. 316045
fspringfield@burr.com