## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JAMAREE JAMES**, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **1:25-cv-01833-JPB-CMS** |
| **RESURGENT CAPITAL** | ) | |
| **SERVICES and LVNV FUNDING** | ) | |
| **LLC,** | ) | |
| | ) | |
| **Defendants.** | | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.    Description of case:**

   a.    Describe briefly the nature of this action.

**Plaintiff Jamaree James ("Plaintiff") has initiated this action against Defendants Resurgent Capital Services L.P. ("Resurgent") and LVNV Funding LLC ("LVNV") (collectively, "Defendants") asserting claims to include the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and state law claims under O.C.G.A. § 11-9-109(d)(11). Plaintiff's claims arise from five (5) accounts which are owned by LVNV and serviced by Resurgent. Plaintiff alleges that Defendants improperly reported, collected, and reinserted five tradelines into Plaintiff's consumer credit files despite the debts having been securitized by Navy Federal Credit Union. The alleged tradelines were added**

or reinserted without required reinvestigation or reinsertion notice. Collection letters were also issued through Hayt, Hayt & Landau, P.C. on March 7, 2025, threatening legal action. Defendants have not produced admissible evidence of ownership, standing, or assignment and may lack lawful authority to collect or report the accounts. All claims are supported by Exhibits A–F. Defendants deny the allegations of improprieties and violations of law made against them, deny that they caused any injury or damage to Plaintiff, and demand strict proof thereof.

b.     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiff's Summary**: Plaintiff claims Defendants furnished inaccurate and misleading credit tradelines to Experian, Equifax, and TransUnion.

Plaintiff alleges that four tradelines were reinserted without proper notice after being absent on a prior credit report.

Plaintiff further alleges that Defendants failed to conduct reasonable investigations into the disputes and continued reporting inaccurate data in violation of 15 U.S.C. § 1681s-2(b).

Plaintiff alleges that Defendants are not the lawful owners of the debt and that Navy Federal Credit Union securitized the debt, rendering it unenforceable under O.C.G.A. § 11-9-109(d)(11).

**Plaintiff supports his allegations with NCUA call reports, CFPB filings, collection letters, credit report screenshots, and SEC disclosures.**

**<u>Defendants' Summary:</u>**

**Defendants deny Plaintiff's allegations, deny that they violated the FCRA, FDCPA, O.C.G.A. § 11-9-109, or engaged in any wrongdoing, and demand strict proof thereof. Because discovery has not yet commenced, Defendants reserve the right to assert additional defenses as the case progresses.**

c.    The legal issues to be tried are as follows:

**Whether Defendants violated the FDCPA , including §§ 1692e, 1692g, and 1692j?**
**Whether Defendants violated the FCRA , including §§ 1681i and 1681s-2(b)?**
**Whether Defendants violated O.C.G.A. § 11-9-109?**
**Whether Defendants received any disputes from the credit reporting agencies regarding Plaintiff's account?**
**Whether Defendants failed to provide reinsertion notices under 15 U.S.C. § 1681i(a)(5)(B)(ii)?**
**Whether the debts at issue were securitized and no longer collectible under Georgia law;**
**Whether Defendants were properly licensed to collect in Georgia;**
**Whether Plaintiff has any right of action against Defendants under 15 U.S.C § 1681i?**
**Whether Plaintiff has met his burden to establish a claim against Defendants for negligent or willful violation of the FCRA?**
**Whether Defendants caused injury to Plaintiff?**
**What are Plaintiff's damages, if any?**
**Whether Plaintiff is entitled to punitive damages?**
**Whether Defendants are entitled to a bona fide error defense?**
**Whether Plaintiff mitigated his damages?**

    d.    The cases listed below (include both style and action number) are:

       i.    Pending Related Cases:   Plaintiff reserves the right to reference a parallel Magistrate Court case initiated by Attorney Kelly Birch on behalf of LVNV involving the same tradelines. Plaintiff has not been served in that case, and it may reflect improper claim splitting. Case No: **25MS231188, 25MS231191, 25MS231190, 25MS231192**

       ii.    Previously Adjudicated Related Cases: **N/A**

**2.**    **This case is complex because it possesses one or more of the features listed below (please check):**

    \_\_\_\_\_ (1) Unusually large number of parties

    \_\_\_\_\_ (2) Unusually large number of claims or defenses

    \_\_\_\_\_ (3) Factual issues are exceptionally complex

    \_\_\_\_\_ (4) Greater than normal volume of evidence

    \_\_\_\_\_ (5) Extended discovery period is needed

    \_\_\_\_\_ (6) Problems locating or preserving evidence

    \_\_\_\_\_ (7) Pending parallel investigations or action by government

    \_\_\_\_\_ (8) Multiple use of experts

    \_\_\_\_\_ (9) Need for discovery outside United States boundaries

    \_\_\_\_\_ (10) Existence of highly technical issues and proof

    \_\_\_\_\_ (11) Unusually complex discovery of electronically stored

information

**3.**    **Counsel:**

    The following individually-named attorneys are hereby designated as lead counsel for the parties:

Pro se Plaintiff:   Jamaree James
                      Pro Se Plaintiff
                      75 Washington St, #274
                      Fairburn, GA 30213
                      678-775-9078
                      Jamaree.rjames@gmail.com

Defendants: R. Frank Springfield
                    BURR & FORMAN, LLP
                    420 North 20th Street, Suite 3400
                    Birmingham, AL 35203
                    Telephone:  (205) 251-3000
                    Facsimile:  (205) 458-5345
                    fspringfield@burr.com

## 4.    Jurisdiction:

Is there any question regarding this Court's jurisdiction?

**____**Yes **__X__**No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

## 5.    Parties to This Action:

a.    The following persons are necessary parties who have not been joined:

**None.**

b.    The following persons are improperly joined as parties:

**None.**

c.    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

d.    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must first be filed in accordance with the time limitations and other provisions of Fed.R.Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

a.    List separately any amendments to the pleadings that the parties anticipate will be necessary:

**None.**

b.    Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

a.    *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

b.    *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

c.    *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B; and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

d.    *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objections. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**The parties agree to Initial Disclosures being served on or before August 8, 2025.**

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**None.**

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Plaintiff: Plaintiff anticipates that discovery will be needed regarding: (i) Defendants' acquisition, assignment, or transfer records showing ownership or legal right to collect the alleged accounts, including any documentation involving Navy Federal Credit Union, Sherman Originator LLC, or securitization trusts;
(ii) whether Defendants' tradeline reporting to Experian, Equifax, and TransUnion was accurate, including the origin, status, and original creditor designation on each account;

(iii) Defendants' compliance with the Fair Credit Reporting Act (FCRA), including the reinsertion of tradelines following deletion or absence, and notice obligations under 15 U.S.C. § 1681i(a)(5)(B)(ii);

(iv) Defendants' receipt, handling, and response to Plaintiff's credit bureau disputes and CFPB Complaint No. 241216-17471624;

(v) whether Defendants had policies and procedures in place to conduct reasonable investigations under 15 U.S.C. § 1681s-2(b);

(vi) whether Defendants are licensed or authorized to collect debts in Georgia during the relevant time period;

(vii) Defendants' collection activity through agents or affiliates, including Hayt, Hayt & Landau, P.C., and whether such communications violated the FDCPA;

(viii) whether the accounts at issue were securitized or sold to third-party trusts, thereby terminating Defendants' standing or ownership rights; and

(ix) the damages sustained by Plaintiff, including reputational harm, credit denial, and emotional distress, as well as evidence supporting punitive damages under the FCRA and FDCPA.

Defendants: Defendants anticipate that discovery will be needed regarding: (i) Plaintiff's opening of the subject accounts and communications with the original creditor and Defendants regarding the subject accounts; (ii) whether Plaintiff's credit reports contained any inaccuracies with regard to the subject accounts; (iii) Plaintiff's communications with the credit reporting agencies regarding the subject accounts; (iv) whether Plaintiff has suffered any actual damages proximately caused by any action or inaction of Defendants, including discovery related to Plaintiff's credit history and usage; (v) whether Plaintiff mitigated any alleged damages; (vi) whether Plaintiff can meet his burden to establish a FCRA claim against Defendants; (vii) whether Plaintiff can meet his burden to establish a FDCPA claim against Defendants; (viii) the source(s) of payments made on the LVNV accounts at issue; and (ix) any other defenses available to Defendants.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None except as noted above.**

(b) Is any party seeking discovery of electronically stored information?

\_\_\_\_**X**\_\_\_\_ Yes _____ No
If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The Parties do not foresee any problems with the disclosure or discovery of electronically stored information ("ESI"); however, they will reserve the issues of ESI disclosure and discovery after the Initial Disclosures have taken place. The Parties agree that discovery should be produced in an accessible, secure, and convenient manner and that disclosure of ESI should be handled consistent with the relevant Federal Rules of Civil Procedure. Finally, the Parties have taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action and do not anticipate any issues at this time.

    (2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The Parties agree to the production of documents and relevant information in PDF format. Additionally, the Parties agree to the service of documents, pleadings, and any other information via electronic means.

## 12.    Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None known.**

## 13.    Settlement Potential:

    a.  Lead counsel for the parties certify by their signatures below that they communicated regarding Rule 26(f), and that settlement discussions have been conducted. Other persons who participated in the settlement discussions are listed according to party:

Pro se Plaintiff: /s/ Jamaree James

For Defendants: Lead counsel (signature):
/s/ R. Frank Springfield_____

Other participants: N/A

    b.  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____)    A possibility of settlement before discovery.

(__X__)     A possibility of settlement after discovery.

(_____)     A possibility of settlement, but a conference with the judge is needed.

(_____)     No possibility of settlement.

(c)     Counsel (_____) do or (___X___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference between counsel is: <u>N/A</u>

(d)     The following specific problems have created a hindrance to settlement of this case.

**None.**

## 14.     **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 2025.

(b)     The parties (_**X**_) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 29th day of July, 2025

*/s/     Jamaree James*
Jamaree James
Pro Se Plaintiff
75 Washington St, #274
Fairburn, GA 30213
678-775-9078
Jamaree.rjames@gmail.com

*/s/ R. Frank Springfield*
R. Frank Springfield
Georgia Bar No. 316045
fspringfield@burr.com
BURR & FORMAN, LLP
420 North 20th Street,
Suite 3400
Birmingham, AL 35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100

Attorney for Defendants
RESURGENT CAPITAL SERVICES L.P.;
LVNV FUNDING LLC

*********************

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

       IT IS SO ORDERED, this _____ day of _____,
2025.

_____
UNITED STATES DISTRICT JUDGE