IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMAREE JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | CIVIL ACTION NO. |
| RESURGENT CAPITAL ) | 1:25-cv-01833-JPB-CMS |
| SERVICES and LVNV FUNDING ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

**COME NOW** Defendants Resurgent Capital Services L.P. ("Resurgent") and LVNV Funding LLC ("LVNV") (collectively, the "Defendants"), by and through undersigned counsel, and hereby submit their Response in Opposition to Plaintiff Jamaree James' ("Plaintiff") Motion to Strike Affirmative Defenses (Doc. 26), stating as follows:

**I.   INTRODUCTION**

In Plaintiff's Motion to Strike, Plaintiff asks the Court to strike all of the affirmative defenses set forth in Defendants' Answers and Affirmative Defenses (Docs. 21, 22.) As an initial matter, Plaintiff's Motion must be denied as it was not filed within twenty-one days of Defendants filing their Answers, as required by Rule 12(f). Nonetheless, Plaintiff's Motion is based on the erroneous premise that the

61978208 v1

pleading standards set forth in *Twombly* and *Iqbal* apply to affirmative defenses. They do not. Defendants have fully complied with their obligations under Rule 8(c)(1) by "affirmatively stat[ing]" their defenses, and need not provide the factual basis for their defenses at this early stage, when discovery is in its infancy.

As shown below, Plaintiff's arguments for striking these defenses lack merit. Therefore, Defendants request the Court to allow their affirmative defenses to stand and deny Plaintiff's Motion to Strike.

## II. MOTION TO STRIKE STANDARD

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "courts generally disfavor motions to strike and deem most of them to be time wasters," in part because of the "stringent standard" that the moving party must satisfy to warrant "the drastic nature of altering a pleading." *See Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-CV-900-J-39-PDB, 2014 WL 2527162, at *1 (M.D. Fla. May 6, 2014 (citation omitted)); *see also Tomason v. Stanley*, 297 F.R.D. 541, 544 (S.D. Ga. 2014) ("[M]otions to strike are drastic, generally disfavored remedies."); *Purdee v. Pilot Travel Centers, LLC*, No. CV407-028, 2009 WL 423976, at *1 (S.D. Ga. Feb. 19, 2009) ("[M]otions to strike are disfavored and infrequently granted."); *Harris v. Midland Credit Mgmt., Inc.*, No. 1:24-CV-1431-MHC-CMS, 2024 WL 3833829, at

\*1 (N.D. Ga. July 17, 2024) ("Motions to strike, including motions to strike affirmative defenses, 'are generally disfavored.'") (quoting *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 186 F. Supp. 3d 1370, 1374 (N.D. Ga. 2016)). Indeed, "a motion to strike will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Hunter v. Corr. Corp. of Am.*, No. CV 314-035, 2017 WL 1536444 (S.D. Ga. Apr. 27, 2017) (citing *Payne v. J.B. Hunt Transp., Inc.*, 154 F. Supp. 3d 1310, 1317 (M.D. Fla. 2016)).

"An affirmative defense will be held insufficient as a matter of law *only if* it appears that the defendant cannot succeed under any set of facts which it could prove." *Regent Univ. v. Bd. of Regents of Univ. Sys. of Georgia*, No. CV 112-141, 2013 WL 12155469, at \*2 (S.D. Ga. Mar. 5, 2013) (emphasis added). An "[affirmative] defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Id.* "'To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant.'" *Anderson v. Brown Indus.*, No. 4:11-CV-00225-HLM-WEJ, 2012 WL 12860567, at \*3 (N.D. Ga. May 17, 2012) (quoting *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)); *see also Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 8:15-

CV-1745-T-30MAP, 2015 WL 5098877, at *1 (M.D. Fla. Aug. 31, 2015) (explaining that "[e]ven deficient defenses, to the extent that they raise relevant and substantial legal and factual questions, may survive a motion to strike" (citing *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-CV-705-FTM-38CM, 2014 WL 1268574, at *1 (M.D. Fla. Mar. 27, 2014))).

In deciding a motion to strike under Fed. R. Civ. P. 12(f), "the movant bears the burden of demonstrating that the challenged matter should be stricken." *Cincinnati Ins. Co. v. Quorum Mgmt. Corp.*, No. 5:12-CV-406-OC-10PRL, 2014 WL 585426, at *2 (M.D. Fla. Feb. 14, 2014) (citation omitted); *see also Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W. Va. 1993) ("[T]he standard by which courts judge Rule 12(f) motions imposes a sizable burden on the movant.").

### III.    ARGUMENT

#### A.    Plaintiff's Motion is Untimely.

Federal Rule of Civil Procedure 12(f) requires a party to file a motion to strike directed at a pleading to which no response is required "within 21 days after being served with the pleading." *See* Fed. R. Civ. P. 12(f)(2). Here, Defendants filed and served their Answer on July 2, 2025. (*See* Docs. 21, 22.) Accordingly, Plaintiff had up to and until July 23, 2025, to file a motion to strike. Because Plaintiff did not file the Motion to Strike until August 8, 2025, the Motion is untimely and must be dismissed for this reason alone. *See Harris*, 2024 WL 3833829, at *2 (denying

motion to strike affirmative defenses because, amongst other things, the motion was untimely under Rule 12(f)).

## B. Defendants' Affirmative Defenses are Adequately Pled.

Plaintiff contends that Defendants' affirmative defenses should be stricken because they are "legally insufficient under Rule 8(c) and fail to meet the Twombly/Iqbal pleading standards as required by the Federal Rules of Civil Procedure." (*See* Doc. 26 at 1.) As an initial matter, this exact same argument was made by a *pro se* plaintiff against LVNV premised on the same affirmative defenses as those contained in Defendants' Answers here. *See Francis v. LVNV Funding, LLC*, No. 1:25-cv-00477-TRJ-RDC (N.D. Ga. Jul. 21, 2025) (Doc. 20.) This Court rejected these arguments in *Francis*, stating, in pertinent part:

> In any event, Defendant has responded to Plaintiff's allegations in plain terms and asserted a series of defenses. That is typical. And that is all the relevant rules require. *See* Fed. R. Civ. P. 8(b), (c); *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) ("[A] court will not exercise its discretion . . . to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."); 5 C. Wright & A. Miller, Federal practice and Procedure § 1274 (4th ed.) ("As numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defenses.").
>
> Whether any of the defenses at issue has merit is a matter that can and will, as applicable, be fleshed out as the case progresses. Even if Defendant's inclusion of the defenses doesn't clarify matters at this early stage, neither does it confuse them. Thus, this is not one of the rare instances justifying a motion to strike. *See Resol. Tr. Corp. v.*

> *Youngblood*, 807 F. Supp. 765, 769 (N.D. Ga. 1992) ("A motion to strike will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." (quotations and citation omitted)); *Boldstar Technical, LLC*, 517 F. Supp. 2d at 1291 ("Motions to strike defenses are disfavored in federal practice." (quotations and citation omitted)).

*See id.* at 3-4. As such, for the same reasons as this Court held in relation to LVNV's affirmative defenses in *Francis*, Defendants respectfully request that this Court deny Plaintiff's Motion.

Likewise, courts in the Eleventh Circuit have held that the pleading standards articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), do not apply to affirmative defenses. *See e.g.*, *Lawrence v. Experian Info. Solus., Inc.*, No. 1:25-CV-288-MHC-CMS, 2025 WL 1431272, at *3 (N.D. Ga. May 15, 2025) ("I agree with *Floyd* and the other cases from this District that have concluded that the heightened pleading requirements of *Twombly* and *Iqbal* do not apply to affirmative defenses."); *Floyd v. SunTrust Banks, Inc.*, No. 1:10-cv-2620-RWS, 2011 WL 2441744, at *7-8 (N.D. Ga. Jun. 13, 2011) (declining to apply the pleading standards of *Twombly* and *Iqbal* to affirmative defenses); *Harris*, 2024 WL 3833829, at *2; *Anderson*, 2012 WL 12860567, at *3; *F.D.I.C. v. Stovall*, No. 2:14-CV-00029-WCO, 2014 WL 8251465, at *4 (N.D. Ga. Oct. 2, 2014); *Hernandez-Hernandez v. Hendrix Produce, Inc.*, No. 6:13-CV-53, 2014 WL 726426, at *1 (S.D. Ga. Feb. 24, 2014); *Loucks v. Shorest,*

*LLC*, 282 F.R.D. 637, 639 (M.D. Ala. 2012); *Jackson v. City of Centreville*, 269 F.R.D. 661 (N.D. Ala. 2010).

Instead, these courts hold that an affirmative defense need only provide the plaintiff with "fair notice." *See E.E.O.C. v. Joe Ryan Enterprises, Inc.*, 281 F.R.D. 660, 664 (M.D. Ala. 2012) (citing *Pulliam v. Tallapoosa Cty. Jail*, 185 F.3d 1182, 1185 (11th Cir. 1999)); *City of Jacksonville, Fla. v. Mun. Elec. Auth. of Georgia*, No. 1:19-CV-3234-MHC, 2019 WL 7819486, at *6 (N.D. Ga. Nov. 25, 2019) (denying the motions to strike where affirmative defenses "provided fair notice of the nature of the defenses and the grounds upon which they rest," noting that the moving party had "merely consumed the Court's and litigants' resources without meaningfully advancing the litigation."); *Freeman v. HSBC Auto Fin., Inc.*, No. 1:10-CV-3179-HLM-WEJ, at *3-4 (N.D. Ga. Jan 7, 2011) (denying motion to strike where defenses put plaintiff on notice of what defendants would argue and holding that "affirmative defenses are not subject to the same pleading standard as claims for relief"); *see also Floyd v. SunTrust Banks, Inc.*, No. 1:10-CV-2620-RWS, 2011 WL 2441744, at *7–8 (N.D. Ga. June 13, 2011) ("Requiring factual pleading of affirmative defenses is likely to accomplish little more than encouraging a flurry of motions to strike affirmative defenses.") (citations and internal quotations omitted).

The fair notice standard was discussed in *Hassan v. United States Postal Serv.*, where the Eleventh Circuit held that:

> [T]he liberal pleading rules established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defenses. We must avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of the rule. The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.

*Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988).

Similarly, in *F.D.I.C. v. Stovall*, this Court relied on the plain language of Fed. R. Civ. P. 8 to conclude that "Rule 8 establishes a very low standard for adequately pleading affirmative defenses." *F.D.I.C.*, 2014 WL 8251465, at *4. The court pointed out that, while Rule 8(a) requires the party seeking relief to provide, among other things, a "short and plain statement showing that the pleader is entitled to relief," Rule 8(c) requires that the party responding to a pleading only "state in short and plain terms its defenses to each claim" and "affirmatively state any avoidance or affirmative defense." *Id.* at 3 (quoting Fed. R. Civ. P. 8.). The court further noted that "[b]y its plain text, the Rule does not require the responding party to make a 'showing'; instead, the responding party meets minimum pleading standards by stating its defenses in short and plain terms." *Id.* The court found that there is "a significant difference" between Rule 8(a)'s use of "to show," and Rule 8(c)'s use of "to state," namely, "'[t]o state' means '[t]o set forth in words; declare,' while 'to show' refers to the practice of 'demonstrat[ing] by reason or procedure.'" *Id.* (citations omitted) (alterations in original).

In *Anderson v. Brown Indus.*, this Court further noted that "'requiring affirmative defenses to contain detailed factual allegations is unfair to defendants. Whereas plaintiffs have the opportunity to conduct investigations prior to filing their complaints, defendants, who typically only have twenty-one days to respond to the complaint, do not have such a luxury.'" *Anderson*, 2012 WL 12860567, at *3 (quoting *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11–cv–337–J–37MCR, 2011 WL 2938467, at *3–4 (M.D. Fla. July 21, 2011)). Similarly, in *Hernandez-Hernandez*, the Southern District of Georgia noted that "a plaintiff may have years to develop and research her claims before filing a complaint, while a defendant often only has twenty-one days to respond. Holding that defendant to a lower standard of factual specificity is both fair and sensible." *Hernandez-Hernandez*, 2014 WL 726426, at *2. Multiple other decisions in the Eleventh Circuit confirm this same standard. *See e.g. Tomason*, 297 F.R.D. at 545 (noting that "plaintiffs bear the initial burdens of production and proof and must advance their cases through the judicial system. Their higher standard of pleading specificity mirrors their higher initial burden in the litigation at large."); *E.E.O.C. v. Joe Ryan Enterprises, Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) (while stating that "policy considerations are foreclosed when the language of the Rule is clear," the court noted that many district courts "have found sound reasons to hold responding defendants to a lower pleading

standard for affirmative defenses," such as the disparate amounts of time a plaintiff and defendant have to state their claims and defenses).

Accordingly, for all of these reasons, *Iqbal*, and *Twombly* do not apply to affirmative defenses. As such, Plaintiff's Motion to Strike should be denied for this fundamental reason.

### C. LVNV's Affirmative Defenses Will Not Prejudice Plaintiff.

In addition, Plaintiff's Motion to Strike should also be denied because Plaintiff is not prejudiced by Defendants' inclusion of the defenses. *See Reyher*, 881 F. Supp. at 576 (explaining that "[t]o the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant") (citations omitted); *see also Cincinnati Ins. Co.*, 2014 WL 585426, at *2 (clarifying that in deciding a motion to strike under Rule 12(f), "the movant bears the burden of demonstrating that the challenged matter should be stricken") (citation omitted).

District courts have time and again rejected arguments that affirmative defenses without supporting factual allegations are prejudicial. *See e.g., Lawrence* 2025 WL 1431272, at *3 (denying *pro se* plaintiff's motion to strike affirmative defenses in part due to the fact that she had not "shown that the affirmative defenses would cause confusion or prejudice.") (citation omitted); *Anderson*, 2012 WL 12860567, at *3 (contending that the plaintiff's arguments of prejudice were

"without merit.") Thus, because Plaintiff has not and cannot adequately demonstrate how Defendants' affirmative defenses will prejudice him in his case, Plaintiff's Motion to Strike the defenses should be denied.

### IV.   CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Strike Affirmative Defenses in its entirety.  In the alternative, if the Court concludes that any of Defendants' challenged affirmative defenses fail to provide Plaintiff with "fair notice," rather than strike the affirmative defense, Defendants request that the Court provide them with an opportunity to amend their Answers and Affirmative Defenses and provide additional facts as the Court deems necessary.

Respectfully submitted this the 11th day of August, 2025.

/s/ R. Frank Springfield
R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100

Attorney for Defendants
RESURGENT CAPITAL SERVICES L.P. AND LVNV FUNDING LLC

## **CERTIFICATION OF COUNSEL**

I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, in accordance with Local Rule 5.1.

>*/s/ R. Frank Springfield*
>R. Frank Springfield
>Georgia Bar No. 316045
>fspringfield@burr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of August, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such to the following:

NONE

I hereby certify that I mailed by United States Postal Service the document to the following non-CMF/ECF participants:

Jamaree James<br>
75 Washington St., #274<br>
Fairburn, GA 30213<br>
Jamaree.rjames@gmail.com<br>
*Pro se Plaintiff*

*/s/ R. Frank Springfield*
R. Frank Springfield
Georgia Bar No. 316045
fspringfield@burr.com